# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 2:23-CR-20651-TBG-APP |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | |
| **JOSEPH MENDENHALL,** | **ORDER DENYING MOTION TO DISMISS (ECF NO. 52)** |
| Defendant. | |

Presently before the Court is Defendant Joseph Mendenhall ("Mendenhall")'s Motion to Dismiss the Indictment for Violation of his Speedy Trial Rights. ECF No. 52. Mendenhall was indicted on November 16, 2023. Almost a year later, Mendenhall filed a Notice asserting his constitutional and statutory speedy trial rights, ECF No. 50, and filed the present motion two weeks later based on the Speedy Trial Act, ECF No. 52. Shortly thereafter, the government filed a notice of appeal challenging this Court's order granting Mendenhall's motion to suppress and superseded Mendenhall's indictment. The government contends this Court does not have jurisdiction to resolve the pending motion. ECF No. 79. For the following reasons, Mendenhall's Motion to Dismiss for Violation of his Speedy Trial Rights will be **DENIED**.

## I. BACKGROUND

Mendenhall was indicted for being a felon-in-possession in violation of 18 U.S.C. § 922(g)(1) on November 16, 2023, and arraigned on November 27, 2023. Mendenhall was ordered detained pending trial on October 31, 2023. Mendenhall asserted his Speedy Trial rights for the first time a year later on October 28, 2024, and filed the present motion on November 12, 2024. Shortly thereafter, the Government filed a notice of appeal regarding the suppression order and superseded the indictment with a second felon-in-possession count. Mendenhall was released on bond pending the appeal and trial on November 26, 2024.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A defendant may seek dismissal of a defective indictment in a pretrial motion under Federal Rule of Criminal Procedure 12(b)(3)(B). The court may dismiss an indictment if unnecessary delay occurs in bringing a defendant to trial. Fed. R. Crim. Proc 48(b)(3).

### B. Speedy Trial Act

The Speedy Trial Act provides that in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" after the indictment or first appearance (such as the arraignment), whichever date is later. 18 U.S.C. § 3161(c)(1). Once the defendant establishes a prima facie case that the government violated the Act—"a simple matter of producing a calendar and showing that more than

2

seventy days have passed since the indictment (or first appearance) and trial has yet to begin"—the government must prove excludable time by a preponderance of the evidence. *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996) (citing to *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1988)).

The Speedy Trial Act lists several exclusions from the 70-day period, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). It also excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). A motion is under advisement from the moment the court receives "all the papers it reasonably expects," such that courts can exclude time during which they await additional filings needed for proper disposition of the motion after a hearing. *Henderson v. United States*, 476 U.S. 321, 329–31 (1986); *see also Jenkins*, 92 F.3d at 438 ("A court should exclude all the days during which it is waiting to receive information necessary to decide a pending pre-trial motion."). "After that thirty-day period expires, the Speedy Trial clock begins to tick, regardless of when the trial court ultimately rules on the motion." *United States v. Johnson*, 29 F.3d 940, 942 (5th Cir. 1994).

The Court may also exclude additional time if it makes on-the-record findings "that the ends of justice served by taking such action

3

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *but see United States v. Moss*, 217 F.3d 426, 433 (6th Cir. 2000) (Gilman, J., concurring) ("What a district court may not do, however, is allow the deadline to expire and then later attempt to rationalize the delay as having been required by the interests of justice.").

### III. DISCUSSION

#### A. Jurisdiction Pending Appeal

The government contends the Court is divested of jurisdiction to entertain Mendenhall's pending speedy trial motion because of the filed appeal notice. ECF No. 79.

The filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But a notice of appeal does not divest the district court of jurisdiction over the entire case. *Williamson v. Recovery Ltd.*, 731 F.3d 608, 626 (6th Cir. 2013). For instance, the district court "retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Little v. City of Saginaw*, 678 F. Supp. 3d 936, 939 (E.D. Mich. 2023) (citations omitted). In *Little*, the court noted that it retained jurisdiction to adjudicate unresolved claims which were "not involved in or dependent on

Defendants' appeal of qualified immunity." 678 F. Supp. 3d at 939. In *United States v. Marin*, 637 F. Supp. 3d 478, 479–80 (E.D. Mich. 2022), the court held it lacked jurisdiction over the defendant's pending motions because the issue in front of the appellate court—the denial of his three motions to dismiss—could render moot the pending motions should the appellate court reverse and grant one of the motions to dismiss.

Here, the government filed a notice of appeal pursuant to 18 U.S.C. § 3731 challenging the Court's suppression order. The government contends that the pending motion to dismiss "necessarily relates" to the suppression issue, "[n]amely, what will occur at trial" because the motion to dismiss involves whether the first count "goes to trial at all." ECF No. 79, PageID.705. But the issue on appeal is not the trial itself, it is the suppression of the evidence—in fact, the government has indicated it would proceed to trial even without the suppressed evidence. The case at hand is different from *Marin*: even if the Sixth Circuit reversed the suppression order, the pending motion to dismiss would not be "moot" and would still need to be resolved without further delay. *See* 637 F. Supp. 3d at 479–80. That is because the pending motion to dismiss is not "dependent" on the appeal of the suppression order, and neither is it "involved in" the appeal because the appellate court will not have to consider any of the speedy trial concerns to resolve the appeal of the suppression order. *See Little*, 678 F. Supp. 3d at 939.

Moreover, given the nature of the motion focused on speedy trial concerns, any further delay to resolve the pending motion risks being prejudicial. The government's right to appeal the suppression order should be balanced in light of its disruptive effect on the criminal trial process of a defendant who has already expressed concerns about the length of the pretrial delay. *See United States v. Gatto*, 763 F.2d 1040, 1049–50 (9th Cir. 1985) (holding that because the exercise of the government's right to appeal a suppression order "may result in a disruptive effect on the criminal trial process, therefore harboring a potential for abuse," a district court retains the "naked power" to dismiss an indictment in appropriate cases when such appeal is pending).

Therefore, the Court has jurisdiction to resolve the pending motion to dismiss. *See Gatto*, 763 F.2d at 1049–50 (noting that the government could have protected its right to appeal pretrial suppression orders by "request[ing] the district court to stay proceedings pending appeal and, if refused, pursue the issue with [the appellate court]").

### B. Speedy Trial Clock

Mendenhall seeks to dismiss the indictment for violation of the Speedy Trial Act. Mendenhall asserts that more than seventy (70) days have passed since the supplemental briefing for the motion to suppress was complete on July 2, 2024. But Mendenhall ignores applicable excludable delays pursuant to the Act, the application of which prevented the expiration of the 70-day clock.

Mendenhall's Speedy Trial clock started on November 27, 2023, when he was arraigned. Twenty-one (21) days later, on December 18, 2023, the parties agreed to exclude time from the Speedy Trial clock until March 12, 2024. ECF No. 21. On January 28, February 6, and February 16, 2024, Mendenhall filed multiple motions to suppress and a motion to dismiss the indictment, actions with operated to stop the Speedy Trial clock until the motion hearing held on June 17, 2024. *See* ECF Nos. 23, 24 & 30. Because of questions raised at the hearing that were inadequately briefed, the Court asked the parties to submit supplemental briefing on the motion to suppress after the hearing, which stopped the clock until briefing was complete on July 2, 2024. *See* ECF Nos. 46 & 47. The Speedy Trial Act contains an additional exclusion of up to thirty days for the court to take the motion under advisement. After that 30-day period, the Speedy Trial clock started again on August 3, 2024, even though the Court had not yet ruled on the motion to suppress.

Twenty-four (24) days later, on August 27, 2024, the Court requested supplemental briefing on the motion to dismiss because the Sixth Circuit had issued new binding precedent governing Mendenhall's constitutional challenge to the felon-in-possession statute, which stopped the clock again. Once supplemental briefing on the issue was complete on September 20, 2024, the Act again allowed the Court to exclude up to thirty days to take the motion under advisement. The Speedy Trial clock started again on October 21, 2024, and nine (9) days later, on October 30,

2024, the Court entered its order denying the motion to dismiss, setting a status conference for November 13, 2024, and excluding time between those two dates in the interest of justice. On November 12, 2024, Mendenhall filed the pending motion to dismiss, which stopped the clock again. The next day, on November 13, 2024, the Court entered its order granting the motion to suppress.

In summary, as of November 12, 2024, fifty-four (54) non-excludable days had expired under the Speedy Trial clock, sixteen days short of the seventy-day limit under the Speedy Trial Act:

| Time period | Excludable delay | Speedy Trial clock |
| --- | --- | --- |
| November 27, 2023 to December 18, 2023 | 21 non-excludable days | 21 non-excludable days |
| December 18, 2023 to March 12, 2024 | Parties stipulated to excluding time. Excludable delay. | |
| January 28, 2024 to June 17, 2024 | Delay between the filing of the first pre-trial motion through the conclusion of the hearing on the motion. Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D). | |
| June 17, 2024 to July 2, 2024 | Delay between the Court's request for supplemental briefing and filing of such. Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H). | |
| July 3, 2024 to August 3, 2024 | Motion to suppress under the Court's advisement. Excludable delay up to 30 days pursuant to 18 U.S.C. § 3161(h)(1)(H). | |
| August 3, 2024 to August 27, 2024 | 24 non-excludable days | Total of 45 non-excludable days (21 + 24) |
| August 27, 2024 to September 20, 2024 | Delay between the Court's request for supplemental briefing and filing of such. Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H). | |

8

| | | |
|---|---|---|
| September 21, 2024 to October 21, 2024 | Motion to dismiss under the Court's advisement. Excludable delay up to 30 days pursuant to 18 U.S.C. § 3161(h)(1)(H). | |
| October 21, 2024 to October 30, 2024 | 9 non-excludable days | 54 non-excludable days (45 + 9) |
| October 30, 2024 to November 13, 2024 | Order denying motion to dismiss based on the Second Amendment and granting a continuance until the next status conference in the interest of justice. Excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A). | |
| November 12, 2024 | Speedy Trial clock stopped after filing of the present motion to dismiss based on violation of the Speedy Trial Act. | |

Mendenhall appears to challenge the Court's exclusion of time between the entry of the order denying the motion to dismiss on October 30, 2024 and the status conference on November 13, 2024. But contrary to Mendenhall's assertion that the Court excluded time after the clock expired, the Speedy Trial clock had, in fact, not expired and the Court was authorized to exclude time until the status conference in the interest of justice. *See, e.g., United States v. Shy*, 2016 U.S. Dist. LEXIS 152822, *5 (E.D. Mich. Nov. 3, 2016) (Steeh, J.) (excluding 75-day period until status conference from the Speedy Trial clock). Furthermore, even assuming that those thirteen (13) days between the order and the filing of the pending motion were to be counted *against* the Speedy Trial clock, the Speedy Trial Act would not be violated: only sixty-seven (67) days would be non-excludable, a few days short of the seventy-day limit.

Therefore, because there has not yet been a Speedy Trial Act violation in this case, Mendenhall's motion to dismiss is **DENIED**.

9

## IV. CONCLUSION

For the reasons explained above, Mendenhall's motion to dismiss is **DENIED**.

**SO ORDERED**.

Date: December 27, 2024

                                              s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE